New York-32 Realty Group, Inc. v. Westcor Land Title Insurance Company Appellant's argument seems to me disregards this court's holding in Eukner, USA, where this court made it clear that when an insurer seeks to disclaim coverage on the basis of an exclusion in an insurance policy, the allegations in the complaint need to be looked at in toto as a whole, not one paragraph taken out of context, not just one sentence here and there, but in toto. So in looking at the Greene County complaint, and by the way, I should pause here for a moment, because, Your Honor, you had asked my friend on the other side to come back with a citation. I would say that there are two complaints that my adversary cites to. One is the Greene County complaint, which Your Honor had asked about. And another one is a complaint that was filed, I'll call it the new action, which I think he was citing to during his argument, which was filed after this action, this federal action was filed. It was filed after the summary judgment motions were briefed. It wasn't addressed in the action, it wasn't addressed in the motions, and it certainly wasn't addressed by the court. So I just want to make sure that the right complaint was being cited to when my colleague comes back. My issue really, I guess, is there's an infinite number of reasons why a deed can be transferred without proper authority. But contrary to plaintiff appellant's position, the Greene County complaint alleges only one, the fraud of the plaintiff together with others. If plaintiff appellant's argument were the law, the exception would swallow the rule. Again, infinite number of possibilities why a particular event could occur. And so if one of those possibilities falls outside the stated insurance policy exclusion, then I guess there's an argument. But the analysis needs to be not a possibility. It needs to be the pleading. And there's only one unified narrative, a singular narrative, one story that is alleged in the Greene County action. As Your Honor aptly noted, there's only one defendant, New York 32. It's a very short complaint, it's only 23 paragraphs long, so it's not really difficult to digest. And it has factual bookends. An allegation at the beginning, in addition to the middle of course, but an allegation in the beginning, and an allegation in the end, both of which are incorporated by reference into the relatively short sole cause of action. And the complaint begins by saying, this action represents the culmination of nearly a decade long period of fraudulent conduct and other criminal wrongdoing committed against plaintiffs. On or about February 27th, defendant, New York 32 Realty Group, and others worked in tandem to unlawfully transfer the property which, quote, defrauded plaintiffs. And then at the end, the very last paragraph in the factual section of the Greene County complaint, says, quote, at all relevant times, at all relevant times, L&H was the owner of the property, and New York 32 knew that Meow and Sue were not officers, directors, or shareholders of L&H, and that both were without any authority to execute the deed, and rather, New York 32 executed the deed in order to gain an advantage unto themselves to which they were not entitled. So again, where there's an infinite number of reasons why a deed could be transferred without authority, there's only one alleged in the Greene County complaint. And Judge McEvoy was spot on, I think, when he said nothing else in the underlying complaint accuses New York 32 of engaging in conduct that might be covered by the policy. The totality of the underlying complaint focuses on intentional conduct by New York 32 to obtain title to the end through an intentionally fraudulent scheme. There's nothing else. And you have to look, Eukner USA, you have to look at the complaint as a whole. The law is clear. I think tellingly, and I'm not going to spend too much time reiterating things in my brief, but tellingly, plaintiff appellant argues that the case that's really spot on, the Queens, Oregon, New York State case, my adversary says that it's not comparable because it doesn't contain a separate allegation of lack of authority. And I think that's telling because plaintiff appellant mischaracterizes the Greene County complaint by myopically focusing on one paragraph stating incorrectly that it has a separate allegation of lack of authority. It doesn't. The only cause of action is pledged to set aside the deed because the total sum of the allegations incorporated into that cause of action center around the decade of fraud by New York 32. And an interpretation of the complaint as a whole clearly indicates that this action is centered on its fraud. To ignore the complaint as a whole and focus only on one paragraph not only defies logic, but defies the law of this court. I'm often at a risk of repeating myself, so I will turn to the court and see if there are any questions, and if not, I will rest on my brief. Thank you. Your Honors, I'd like to point to the one in the Greene County complaint, the one non-conclusory allegation in that complaint, which again is paragraph 16. That's at appendix 43 to 44. That allegation says that Lee Lee recruited Mao and Su, and at the direction of Lee, Mao and Su conspired with each other to execute the deed without proper corporate authority, and that Lee caused L&H to fraudulently transfer the property. Now, if there is doubt as to whether they are alleging that NY32 had any involvement in that, because they don't specify any involvement, or whether NY32 knew of that, whether it's constructive or actual, if there is any doubt in that respect, it should be resolved under Eukner in NY32's favor. What is your response to your opponent's argument that you're saying, look at this one paragraph and not look at the entire complaint? Doesn't the entire complaint support that it is broader than just allegations against these other individuals who are not defendants in the case? Your Honor, if adding defendants, meaning NY32, knew of this, just adding those words and participated in it and elsewhere in the complaint, if that's enough to change the complaint to make it that my client was an active participant in this fraudulent scheme, then I guess it does. But the complaint doesn't do that. It says defendants conclusory were new about this and were involved in it, but the specifics all have to do with actors who have no connection with NY32. And when you go to the actual single cause of action, the sole basis is that the deed was executed without proper corporate authority. Again, not mentioning NY32 specifically. I see that my time is up. Thank you very much for the court's attention and time today. And the appellant will rest on his papers. Thank you. Thank you both. Let's take the case under advisement.